UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
EDGAR SANCHEZ,

                Petitioner,
                                        TRANSFER ORDER
          -against-                     12-CV-1605(JS)

DAVID ROCK, Superintendent of
Upstate Correctional Facility,

                Respondent.
----------------------------------X

APPEARANCES
For Petitioner:     Edgar Sanchez, Pro Se
                    #07-A-1015
                    EASTERN CORRECTIOANL FACILTY
                    P.O. Box 338
                    Napanoch, New York  12458-0338


For Respondent :    No appearance.[1]


SEYBERT, District Judge:

          Presently before the Court is the pro se motion of

Petitioner Edgar Sanchez ("Petitioner") purportedly seeking

reconsideration of the Court's 2014 ruling on his Section 2254

habeas petition.  (See Motion, ECF No. 23, at 4.)  Petitioner moves

pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

For the reasons that follow, the Court finds it lacks jurisdiction

---

[1]  Respondent was not directed to file a response to the instant
Motion.

over the Motion; instead, it TRANSFERS the Motion to the Second Circuit in the first instance.

## BACKGROUND

By way of general background, in November 2006, a state court jury convicted Petitioner of murdering his girlfriend and tampering with physical evidence regarding the murder. See Sanchez v. Rock, No. 12-CV-1605, 2014 WL 3866456, at *1 (E.D.N.Y. Aug. 6, 2014).[2] After various motion practice in state court, including an appeal, Petitioner sought habeas relief in this Court pursuant to 28 U.S.C. § 2254 ("Section 2254"), which, in 2014, this Court denied. See generally id. In denying Petitioner habeas relief, this Court also denied Petitioner a certificate of appealability. See id., 2014 WL 3866456, at *11. The Circuit Court also denied Petitioner's motion for certificate of appealability determining Petitioner had not made a "substantial showing of the denial of a constitutional right" and dismissed Petitioner's appeal. Sanchez v. Rock, No. 14-3105, Mandate (2d Cir. Apr. 14, 2015).[3] ECF No. 20.)

In 2023, Petitioner filed a second Section 2255 habeas petition. See Sanchez v. Lilley, No. 23-CV-4563, Petition (ECF No. 1) (E.D.N.Y. June 14, 2023). Honorable Joan M. Azrack of this

---

[2]  This decision is also found in the Case Docket at ECF No. 14.

[3]  The Second Circuit Mandate is also found in the Case Docket at ECF No. 20.

District ordered the case transferred to the Second Circuit Court of Appeals since it was successive to Petitioner's original habeas petition ruled upon by the undersigned.  See id., Transfer Order (ECF No. 4).  The Circuit Court denied Petitioner permission to file his second habeas petition determining he "ha[d] not made a prima facie showing that the requirements of 28 U.S.C. §2244(b) [we]re satisfied."  See id., Mandate (ECF No. 5).

Now, pursuant to Rule 60(b)(6), Petitioner again seeks relief from his state court conviction.  (See generally Motion.)

**DISCUSSION**

As Honorable Nicholas G. Garaufis of this District stated:

> The Supreme Court has explained that competing considerations arise when Rule 60(b) motions are made to reopen petitions for habeas relief.  See Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).  The Antiterrorism and Effective Death Penalty Act ("AEDPA") placed limitations on habeas petitioners' ability to bring second or successive petitions when their initial petitions were denied.  Id. at 529; see also 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").  While the normal operation of Rule 60(b) may provide an alternate avenue for pursuing a second or successive habeas corpus petition, the Federal Rules of Civil Procedure apply only "to the extent that they are not inconsistent with any statutory provisions."  28 U.S.C. § 2254 Rule 12; accord Gonzalez, 545 U.S. at 529.  AEDPA, the relevant "statutory provision," does not allow successive petitions unless the court of appeals first

determines that the petition raises a claim which was not previously adjudicated and which is based on a new and retroactive rule of constitutional law (or a high probability of actual innocence). Id. at 529-30. Rule 60(b), therefore, cannot provide an independent basis for bringing a petition that would run afoul of the AEDPA restrictions. Id. at 531 ("Using Rule 60(b) to present new claims for relief . . . circumvents AEDPA's requirement.").

Figueroa v. Walsh, No. 00-CV-1160, 2022 WL 17824061, at *2 (E.D.N.Y. Dec. 20, 2022). Continuing, Judge Garaufis further explained Rule 60(b)(6) may be properly invoked if it is challenging the habeas proceeding itself and not the underlying state court conviction. See id. ("In these situations, the Rule 60(b) motion will be treated as such and not construed as a successive habeas petition."). However, where a Rule 60(b)-styled motion is actually "premised on subsequent developments in the substantive law", it "is properly construed as a motion for leave to file a successive habeas petition." Figueroa v. Walsh, No. 00-CV-1160, 2022 WL 843732, at *1 (E.D.N.Y. Mar. 22, 2022) (citing Gonzalez, 545 U.S. at 531-32 (instructing a "Rule 60(b) motion based on a purported change in the substantive law governing the claim" is properly construed as second or successive petition)).

Here, the Court liberally views Petitioner's Motion. Upon said review, the Court finds Petitioner is not challenging the habeas proceeding itself, but rather, the merits of his underlying state court conviction, and that challenge is premised

upon alleged subsequent developments in the substantive law.  (See Motion, in toto.)   Indeed, by his Motion, Petitioner seeks to vacate his conviction, and "a motion to vacate a criminal conviction properly sounds in habeas corpus".  Cureton v. United States, No. 16-CR-0023, 2025 WL 90514, *1 (E.D.N.Y. Jan. 14, 2025).

Hence, given the arguments raised by Petitioner in his Motion and Petitioner's pro se status, the Court liberally construes said Motion as one seeking leave to file a successive habeas petition.  See Figuero, 2022 WL 843732, at *1 (finding, where petitioner's "challenge [wa]s premised on subsequent developments in the substantive law", his Rule 60(b)(6) motion was "properly construed as a motion for leave to file a successive habeas petition").  Such motions seeking authorization to file successive habeas petitions must be presented to the Circuit Court for its authorization.  See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); see also Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003) (holding the AEDPA "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications").  Therefore, as Judge Azrack previously did, in the interest of justice, this Court will transfer the Motion to the Circuit Court for its

Page 5 of 6

determination.  See 28 U.S.C. § 1631; see also Torres, 316 F.3d at 151-52 ("[W]e have held that a district court must transfer uncertified successive motions to th[e Second Circuit Court of Appeals] pursuant to 28 U.S.C. § 1631. . ." (citing Liriano v. United States, 95 F.3d 119, 121-23 (2d Cir. 1996)).

<u>**CONCLUSION**</u>

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of Court **TRANSFER** this Motion (ECF No. 23) to the Second Circuit Court of Appeals;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Transfer Order would not be taken in good faith; therefore, in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to mail a copy of this Transfer Order to Petitioner at his address of record, including the notation "LEGAL MAIL" on the mailing envelope.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   July 9, 2026
         Central Islip, New York